IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Nicholas Dodge Bruesch, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Todd Flanagan, | ) | |
| Sean Conway, | ) | |
| Brandon Gumke, | ) | Case No. 1:12-cv-083 |
| | ) | |
| Defendants. | ) | |

The plaintiff, Nicholas Dodge Bruesch ("Bruesch"), is an inmate at the North Dakota State Penitentiary ("NDSP"). He initiated the above-entitled action pursuant to 42 U.S.C. § 1983 on July 13, 2012. He alleged in his complaint that he claimed to that he was subjected to excessive force by defendants, wrongfully stripped of good time as a consequence of a false report filed against him by defendants, and denied materials he had requested from the NDSP's law library.

The undersigned conducted an initial review of Bruesch's complaint as mandated by 28 U.S.C. §1915A. The undersigned found the complaint to be deficient to the extent that it failed to specify what relief Bruesch was seeking or in what capacity Bruesch was suing the defendants. The undersigned further observed that, with respect to the alleged denial of access to legal materials, the complaint was devoid of any indication that Bruesch had suffered prejudice to a nonfrivolous legal claim and therefore did not adequately state a claim for relief. Sanders v. Sheahan, 198 F.3d 626, 630 (7th Cir. 1999) (prisoner must "allege injury or prejudice" to state a claim of denial of access to the courts); see Lewis v. Casey, 518 U.S. at 349-55; Moore v. Plaster, 266 F.3d at 928, 933 (8th Cir. 2001). Finally, the undersigned noted that claims for restoration of lost good time are not

1

cognizable under § 1983. Consequently, in the report issued on July 26, 2012, the undersigned made the following recommendation to the court:

> that the complaint be **DISMISSED WITHOUT PREJUDICE** unless Bruesch files an amended complaint within the time period set forth below for objecting to this Report and Recommendation. If Bruesch does file an amended complaint, then this Report and Recommendation should be deemed moot and the amended complaint be subjected to a new § 1915A screening.

Docket No. 13.

The same day the undersigned filed the aforementioned report and recommendation, Bruesch filed an amended complaint with the court. Therein he elaborated on the basis for his claim for excessive force, advised the court that he was suing defendants in both their individual and official capacities, and specified that he was seeking compensatory and punitive damages as well as injunctive relief.

On July 31, 2012, the court received a letter from Bruesch. In the letter, Bruesch acknowledged receipt of the undersigned's report and recommendation, clarified that he was not asserting a claim for restoration of lost good time, reasserted that he is being denied "certain legal materials, and expressed his desire to assert a second claim for excessive use of force.

Bruesch's amended complaint addresses in part the pleading deficiencies identified by the undersigned in the Report and Recommendation. The Report and Recommendation shall therefore be deemed **MOOT**.

The undersigned construes Bruesch's letter as a request for leave to file a second amended complaint. The undersigned **GRANTS** Bruesch's request and shall permit him to file a second amended complaint with the court by September 10, 2012. Bruesch is advised that he will not be

permitted to plead his case piecemeal. He should set forth all of his claims, describe the factual bases for his claims, and reiterate the relief he is seeking.

The court shall hold the screening of Bruesch's pleadings in abeyance pending receipt of his second amended complaint. Should Bruesch not file an amended complaint with the court by September 10, 2012, the court shall proceed with the screening of Bruesch's first amended complaint.

**IT IS SO ORDERED.**

Dated this 10th day of August, 2012.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge