IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Nicholas Dodge Bruesch, | ) | |
| | ) | |
| | ) | **ORDER DENYING MOTION TO** |
| Plaintiff, | ) | **RECONSIDER APPOINTMENT OF** |
| | ) | **COUNSEL** |
| vs. | ) | |
| | ) | |
| Todd Flanagan, Sean Conway, and | ) | Case No. 1:12-cv-083 |
| Brandon Gumke, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Before the court is what the court construes as plaintiff Nicholas Dodge Bruesch's motion for reconsideration its November 20, 2012 order denying his motion for appointment of counsel. (Docket No. 41). Plaintiff is an inmate at the North Dakota State Penitentiary ("NDSP"). He initiated the above-entitled action on July 13, 2012, by filing a pro se complaint pursuant to 42 U.S.C. § 1983. (Docket No. 5). Plaintiff filed a motion for appointment of counsel with his complaint. (Docket No. 6). The court denied plaintiff's initial request for court-appointed counsel without prejudice. (Docket No. 9).

Plaintiff subsequently filed two additional motions requesting court-appointed counsel. (Docket Nos. 26, 38). The court denied the motions because plaintiff's claims were relatively simple, plaintiff had demonstrated he was capable of presenting his own case, and plaintiff's concerns regarding discovery were premature. (Docket Nos. 28, 40).

Plaintiff now moves the court to reconsider the denial of his request for appointment of counsel because he has been unable to obtain adequate research materials. (Docket No. 41). Plaintiff asserts that he is not allowed to personally access NDSP's law library because he is in

1

administrative segregation and that he has been unable to obtain adequate materials through NDSP's inmate request system.  Plaintiff supports his claim with two inmate requests for legal materials.  In a request dated November 12, 2012, plaintiff requested eight specific cases and wrote "Shepardize All these for me?" at the top of the request.  Plaintiff also wrote a note on the request that stated, "Do you know what the holdup is on Fode getting me those 2 Littlewind v. Rayl cases?  Sent him 2 request[s] for them.  It has been weeks ago."  Plaintiff did not list the Littlewind cases on that request form and nothing submitted by plaintiff indicates that he previously made a specific request for those cases.  In a second request dated November 28, 2012, plaintiff wrote, "I[']m still waiting for the legal cases needed to do my legal research.  I requested them weeks ago."  An NDSP official responded, "I spoke with DW Foster about your case request.  You need to request only specific cases which will be printed out and delivered to you."

Civil litigants do not have a constitutional or statutory right to counsel.  Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006).  The district court has the discretionary authority to appoint counsel for an indigent litigant.  28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (district court has broad discretion in deciding whether to appoint counsel for an indigent civil litigant).  When an indigent litigant has pleaded a nonfrivolous claim, a district court should give "serious consideration" to a request for appointment of counsel.  Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).  "The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony,

the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips, 437 F.3d at 794.

The court has reviewed plaintiff's motion and, in its discretion, finds that appointment of counsel is not warranted as a result of plaintiff's alleged inability to access adequate research materials or as a result of any other change in circumstances since plaintiff's previous motion for appointment of counsel was denied. First, plaintiff's motion contains citations to legal materials that he presumably received from NDSP's law library. Based on the material submitted by plaintiff, it does not appear that NDSP has denied any requests for specific materials. Rather, it appears that instead of specifically listing the cases requested, plaintiff attempted to request additional cases by asking NDSP officials to "shepardize" the listed cases. Further, plaintiff's excessive force claim is relatively straightforward, does not involve novel arguments, and should not require extensive legal research. The court finds no basis for reversing its previous decision and appointing plaintiff counsel at this time. Plaintiff's motion appointment of counsel (Docket No. 41) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 26th day of December, 2012.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court