# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Nicholas Dodge Bruesch, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:12-cv-083 |
| Todd Flanagan, Sean Conway, Brandon Gumke, Jean Sullivan, and Nathan Erickson, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Before the court are Motions for Release of Documents filed by the plaintiff, Nicholas Dodge Bruesch ("Bruesch"), March 26 and April 16, 2013, respectively. For the reasons set forth below, these motions are deemed moot.

## I.  BACKGROUND

Plaintiff was incarcerated at the North Dakota State Penitentiary ("NDSP") at the time he was initiated this action. However, on April 2, 2013, he was transferred to the James River Correctional Center ("JRCC.")

On March 26, 2013, Bruesch filed what the court construes as a Motion for Release of Documents, averring, inter alia, that NDSP staff has denied him access to his legal materials.[1] On April 8, 2013, defendants filed a response in opposition to Bruesch's motion. They maintained that restrictions on Bruesch's ability to access legals materials were a measured, justified response to

---

[1] In addition to complaining about his inability to access legal materials, Bruesch refers to defendants responses/objections to a number of his discovery requests. As access to legal materials is the primary focus of Bruesch's motion and Bruesch has not explicitly requested any relief with respect to defendants discovery responses, the undersigned concludes that the issue of discovery responses is not properly before the court and therefore need not be addressed.

1

serious security issues.

On April 10, 2013, Bruesch filed a document captioned "Affidavit" wherein he again asserted that he had been denied access legal materials. On April 16, 2013, he filed what the court construes as a Second Motion for Release of Documents, averring that JRCC staff has continued to deny him access to his legal materials.

On April 23, 2013, defendants file a supplement to its response in opposition to Bruesch's initial Motion for Release of Documents. Therein they advised:

> Bruesch was transferred to the JRCC on April 2, 2013. As part of his transfer, Bruesch's property was inventoried by NDSP staff. Some, but not all, of Bruesch's property was transferred to JRCC. Bruesch's property not transferred to JRCC was sent to the NDSP property officer. The NDSP property officer has located Bruesch's legal documents and will send them to the JRCC with the Tuesday, April 23, 2013 transport. Due to sanctions for his behavior, Bruesch has received some, but not all, of his property sent to the JRCC. Based on his behavior at this time, Bruesch will receive his legal work when it arrives at the JRCC.

(Docket No. 69).

Based upon defendants' supplemental response, it appears that Bruesch has been reunited with his legal materials. Consequently, his Motions for Production of Documents (Docket Nos. 64 and 67) are deemed **MOOT**. Bruesch's deadline for filing a response to defendants' Motion for Summary Judgment shall be extended until June 1, 2013.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2013.

*/s Charles S. Miller, Jr.*
Charles S. Miller, jr.
United States Magistrate Judge